FILED
2016 Jul-28 PM 02:57
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *ex rel* | ] ] ] | |
| LEAMON M. FITE, III, | ] ] ] | |
| **Plaintiff and Relator,** | ] ] | |
| v. | ] ] | CASE NO. 5:13-cv-1626-LSC |
| APERIAN LABORATORY SOLUTIONS, LLC; EAST ALABAMA HEALTH CARE AUTHORITY d/b/a EAST ALABAMA MEDICAL CENTER; *et al.*, | ] ] ] ] ] ] ] | |
| **Defendants.** | ] | |

## PROTECTIVE ORDER

The Parties to this proceeding have jointly moved this Court for a Protective Order and requested that the undersigned issue such order for the purpose of maintaining confidentiality of certain discovery material. Having reviewed the proposed order stipulated to by the Parties, the undersigned, having found that a Protective Order is appropriate to preserve the confidentiality of sensitive, confidential, proprietary, and/or protected information, including without limitation protected health information, that has been or will be requested and produced in discovery in this matter or otherwise revealed or obtained, and

1

necessary to protect the integrity of this information, the rights of the parties, and the rights of others not party to this proceeding,

**IT IS HEREBY ORDERED:**

1. In responding to another party's discovery request or the undersigned's order(s), each party may designate as Confidential any document, thing, or information ("Discovery Material") which the producing party reasonably believes in good faith constitutes, contains, or discusses material containing the following information that is unavailable to the public, the disclosure of which would cause the producing party competitive harm or is of a highly sensitive nature: (a) protected health information or personally-identifying information in accordance with the Federal Rules of Civil Procedure and any local court rule; (b) information considered by the producing party to be a trade secret; and (c) non-public financial information of the Party, including but not limited to information regarding pricing strategies, costs, expenses, margins, profits, losses, bookings, sales, or income .

2. All Discovery Material designated as Confidential, including all copies, extracts, or summaries of and information obtained from any documents, things, or information designated as Confidential ("Confidential Material"), shall be used in connection with the litigation and appeal of this action only. Confidential Material shall not be used for any other purpose, and shall not be disclosed to any other person or entity except as provided in this Order. The fact

that a party designates information or material as "Confidential" is not conclusive of whether such information is, in fact, entitled to be deemed as such.

3. Any of the following methods shall be sufficient to designate Discovery Material as confidential ("Confidential Designation"):

    a. prominently marking each protected page of each confidential document "Confidential" at or before the time of its production;

    b. designating a storage medium of material produced in electronic format as "Confidential" at or before the time of its production; or

    c. information disclosed at a deposition may be designated by any Party as Confidential Material by indicating on the record at the deposition that the testimony is so designated and subject to the provisions of this Order. Additionally, and alternatively, any Party may also designate information disclosed at a deposition within 10 business days of receipt of the final deposition transcripts, the specific pages and lines of the transcript that are deemed Protected Material. All deposition transcripts shall be treated as Protected Material for 14 business days following receipt of the preliminary transcript to allow counsel sufficient opportunity to make such designation.

4. Inadvertent failure to make a Confidential Designation may be corrected by supplemental notice served promptly after discovery of inadvertently

undesignated material. Distribution of such inaccurately-designated material before supplemental written notice is received shall not be a violation of this Order.

5. The inadvertent production of any Discovery Material in this litigation shall be without prejudice to any claim that such material is privileged or protected from disclosure under the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection ("Privileged Material"), and no producing party shall have waived any claims or arguments under the inadvertent production doctrine. If a producing party believes that Privileged Material has been produced inadvertently, it shall notify the receiving parties in writing of the claim of privilege promptly upon discovering the inadvertent production. Upon such notice, the receiving parties, regardless of whether they deem the claim meritorious, must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; and must take reasonable steps to retrieve the information if the party disclosed it before being notified. The producing party must preserve the information until the claim is resolved. If a receiving party disputes the producing party's assertion of privilege, the receiving party shall notify the producing party in writing within 10 calendar days of receiving the producing party's notice (the "Dispute Notification"). Within 10 calendar days after receiving the Dispute Notification, the parties shall meet and confer to resolve the dispute. If

they are unable to resolve their dispute, the receiving party may submit the issue to the Court. In any such submission, the disputed document(s) shall be filed, if at all, under seal.

6. If a party disagrees with a Confidential Designation, that party may serve a written notice of objection to the designation upon the designating party. The objecting and designating parties shall attempt to resolve their dispute in good faith within 10 calendar days of the designating party's receipt of the objection. If the parties jointly determine that they are unable to resolve their dispute, the party seeking to challenge the "Confidential" designation shall promptly petition the Court for an order lifting the designation. All material bearing a Confidential Designation shall be treated as Confidential Material until the undersigned orders otherwise.

7. Absent good cause, material shall not be considered Confidential Material if it possesses any of the following attributes:

   a. At the time of the production or disclosure it is in the public domain, as evidenced by a written document;

   b. Such material, through no wrongful act or fault of the receiving Party, later becomes part of the public domain;

c. The material was disclosed to the receiving Party by a third party who gained access to that material through no wrongful act or fault of the receiving Party; or

d. The receiving party can show it obtained the material through no illegal or wrongful act and possesses the material disclosed.

8. Confidential Material may be made available to and inspected by the following only:

a. The parties and their officers, employees, consultants, and agents that are assisting in the prosecution or defense of this action;

b. Counsel for the parties and their employees, consultants, and agents;

c. The Court and persons employed by the Court working on this litigation;

d. Any mediator(s), special master(s), and/or other dispute resolution professional(s) employed to aid in the resolution of any part of this matter, provided that the mediator(s), special master(s), and/or other dispute resolution professional(s) have either been appointed by the court or all Parties have agreed in writing in advance that the mediator(s), special master(s), and/or other dispute resolution professional(s) serving in such a capacity;

  e. Court reporters and videographers at the proceedings in this action, Witnesses who are anticipated to provide evidence in this case, where in the reasonable prosecution or defense of this case, there is a legitimate reason to question the witness about the confidential documents or information provided that they are furnished a copy of this order and agree to abide by it, and

  f. Expert witnesses, their employees, consultants, agents, and counsel, to the extent that such disclosure is necessary for them to prepare for this action, provided that they are furnished a copy of this order and agree to abide by it.

9. Nothing in this Order shall affect the right of any party at any hearing in this case to offer any document or testimony designated Confidential Material as evidence. However, any Confidential Material attached as an exhibit to any deposition taken in this action, and any deposition testimony containing information from Confidential Material, and any papers filed with the Court in this action, which include or summarize any deposition transcripts, testimony, or exhibits containing Confidential Material, as described herein, shall be sealed and protected from disclosure by this Protective Order. The use of specific portions of the deposition transcript that are designated as Protected Material shall be governed by this Order. However, nothing in this Order restricts the use of any

portion of a deposition transcript that has not been designated as Protected Material. The use of such Confidential Material during depositions in this action does not waive the terms of this Protective Order.

10. Any Confidential Material produced during discovery and/or offered and/or admitted into evidence during pre-trial proceedings, trial, or post-trial proceedings, and any testimony relating to such Confidential Material, and any papers filed with the Court in this action, which attach, include, or summarize any such Confidential Material, shall be sealed and protected from disclosure by this Protective Order. Parties governed by this Order may file such documents under seal, without a separate motion for leave to do so. The parties will not be prevented by this Order from submitting any otherwise admissible evidence to the jury in any manner or form. Such productions and/or offerings and/or admissions into evidence do not waive the terms of this Protective Order.

11. Disclosure of Confidential Material shall be consistent with this Order. Before any such disclosure is made, the person or entity receiving the material in question shall be advised of the terms of this Order and that they are bound by those terms.

12. This Order shall not be construed as a waiver of any party's right to object to admission of the Confidential Material at any hearing. This Order shall not be construed to impair any party's right to object to any discovery request.

13. In the event that any party is served by a non-party during the pendency of this litigation or any appeals, with a subpoena, discovery request, or other form of legal process from requesting Confidential Material received from another party ("Outside Request"), the party receiving an Outside Request will promptly provide the producing party with written notice that an Outside Request was received together with a copy of the Outside Request itself. The party receiving the Outside Request shall not produce the Confidential Material for 10 calendar days after the other parties' receipt of written notice of the Outside Request, unless the other parties provide written notice that the other parties waive the protections of this Order with respect to the Outside Request.

14. Within sixty days of the conclusion of this litigation, including the issuance of the mandate from any terminal appeals, all Confidential Material shall be returned promptly to the designating party or destroyed, with notice provided to counsel for the designating party reflecting such disposition.

15. In the event that any additional party is added to this action, each additional party shall be governed by this Order.

16. The Court shall retain jurisdiction over the parties, this Protective Order, and recipients of confidential documents and materials, for the sole purpose of enforcing this Protective Order and adjudicating claims of breaches thereof and administering damages and other remedies related thereto. The provisions of this

Protective Order shall continue to be binding as to the confidential documents and materials produced pursuant to it.

**DONE** AND **ORDERED** ON JULY 28, 2016.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

182184