# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** *ex rel.* ) | |
| **LEAMON M. FITE, III,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v.    ) | CIVIL ACTION NUMBER |
| ) | 5:13-cv-1626-LSC |
| **APERIAN LABORATORY** ) | |
| **SOLUTIONS, LLC; EAST ALABAMA** ) | |
| **HEALTH CARE AUTHORITY, d/b/a** ) | |
| **EAST ALABAMA MEDICAL CENTER;** ) | |
| **SUMMIT DIAGNOSTICS, LLC;** ) | |
| **COMPASS LABORATORY** ) | |
| **SERVICES, LLC; TOTAL** ) | |
| **DIAGNOSTIC SOLUTIONS, LLC;** ) | |
| **JANNIE LYNN WORK CHAPMAN;** ) | |
| **AND SHELINDER AGGARWAL,** ) | |
| ) | |
| **Defendants.** ) | |

## THE MEDICAL CENTER'S MOTION FOR PROTECTIVE ORDER
## TO PROHIBIT RELATOR FROM DEPOSING IN HOUSE COUNSEL

Aperian Laboratory Solutions, LLC ("Aperian") and East Alabama Health Care Authority d/b/a East Alabama Medical Center ("EAMC") (collectively, the "Medical Center") move the Court to enter a protective order prohibiting Relator from taking the deposition of the Medical Center's in house counsel and state the following as grounds:

31017851 v1

## I. <u>INTRODUCTION</u>

Roben Nutter ("Nutter") is EAMC's General Counsel and was admitted to practice law in the State of Alabama on September 28, 2007.[1] Despite the fact that her sole role in events related to Relator's complaint was to provide legal advice and legal services, Relator has communicated his intention to depose Nutter "in her role as compliance officer." Relator is attempting to draw a distinction that does not exist. Nutter provided legal analysis and advice – no matter what name Relator chooses to call it – to the Medical Center concerning the events alleged in the Complaint, and Relator is not permitted to depose her on the events in the Complaint because doing so would invade the attorney-client privilege.

When examining the distinction Relator is trying to draw, the Court should apply the duck test. If it looks like a duck, swims like a duck, and quacks like a duck, then it is a duck. If it looks like legal advice, for example, when Nutter advises the Medical Center in what it must to do to comply with the law, then that "compliance" advice is legal advice.

This is not to say that every conceivable act Nutter could take would be the provision of legal services. Rather, those acts which are of an inherently legal nature, such as regulatory compliance, are legal services protected by the attorney-client privilege. Nutter's actions that are relevant and material to the claims and

---

[1] According to the roll of the Alabama State Bar Association.

defenses in this case fall under that umbrella, and the Court should prohibit Relator from deposing her about the legal services she provided and any legal advice she gave.

## II. STANDARD FOR A PROTECTIVE ORDER

Rule 26 permits a party to seek a protective order for good cause shown, and the Court may enter an order required to protect that party from, among other things, "annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c)(1). Among the remedies available to the Court in issuing a protective order are "forbidding the disclosure or discovery" and "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." *Id.* "Good cause" is defined as "a sound basis or legitimate need to take judicial action." *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987).

The Medical Center is entitled to a protective order to prohibit the deposition of Nutter because, among other reasons, the subject matter Relator seeks to depose her on is protected by the attorney-client privilege, and discovery of opposing counsel is frowned upon subject to a narrow few exceptions which are not met here.

### III. ARGUMENT

**A.     Legal advice as to matters of compliance is still legal advice, and as such is subject to the attorney-client privilege.**

The attorney-client privilege "is designed to encourage full and frank communications between the attorney and his client, thereby promoting the broader basic public interest in the administration of justice." *Cox v. Administrator U.S. Steel & Carnegie*, 17 F.3d 1386, 1414 (11th Cir. 1994). The privilege applies to corporations, and "protects communications to corporate counsel for the purpose of obtaining legal advice." *U.S. ex rel. Baklid-Kunz v. Halifax Hosp. Medical Center*, 2012 WL 5415108 *3 (M.D. Fla. Nov. 6, 2012) (citing *In re Vioxx Products Liability Litigation*, 501 F.Supp.2d 789, 796 (E.D. La. 2007)). It is true that purely business advice which is unrelated to legal advice is not protected by the privilege merely because it was conveyed through an attorney. *See, e.g.*, *In re CFS-Related Securities Fraud Litigation*, 223 F.R.D. 631 (N.D. Okla. 2004).

The Supreme Court's discussion in *Upjohn*,[2] however, provides a clear rationale for why legal compliance work of the sort at issue here should be subject to the attorney-client privilege. In *Upjohn*, the Court held that communications "needed to supply a basis for legal advice concerning compliance with securities and tax laws, foreign laws, currency regulations, duties to shareholders, and potential litigation in each of these areas" were subject to the attorney-client

---

[2] *Upjohn Company v. U.S.*, 449 U.S. 383 (1981).

privilege. *Id.* at 394. "In light of the vast and complicated array of regulatory legislation confronting the modern corporation, corporations, unlike most individuals, constantly go to lawyers to find out how to obey the law, particularly since compliance with the law in [regulatory matters] is hardly an instinctive matter." *Id.* at 392 (internal quotations omitted). Discussing its holding overruling the Court of Appeals, the Court noted that a more narrow approach would "limit the valuable efforts of corporate counsel to ensure their client's compliance with the law." *Id.* at 392.

Relator in this case seeks to depose Nutter in her role as "compliance officer" for the East Alabama Medical Center. The Relator seeks to draw a distinction where none exists. Where an attorney works with her client to provide advice as to how best to comply with relevant federal and state laws and regulations, that attorney is providing legal advice. This sort of work falls squarely within the scope of the privilege discussed in *Upjohn*. As the Supreme Court noted, requiring in house counsel to disclose the legal advice provided to their employers regarding regulatory compliance would have a negative, not a positive, impact on corporations' efforts to comply with federal regulations.

### B.    Relator should not be permitted to depose opposing counsel.

The Eleventh Circuit "has not adopted a specific rule establishing when the deposition of a party's counsel is appropriate." *Gaddy v. Terex Corp.*, 2015 WL

13545486 at *2 (N.D. Ga. Oct. 28, 2015). Federal courts, generally, have held that "depositions of attorneys inherently constitute an invitation to harass the attorney and parties, and to disrupt and delay the case." *West Peninsular Title Co. v. Palm Beach Cty.*, 132 F.R.D. 301, 302 (S.D. Fla. 1990). Furthermore, attorney depositions "have a tendency to lower the standards of the profession, unduly add to the costs and time spent in litigation, personally burden the attorney in question, and create a chilling effect between the attorney and client." *N.F.A. Corp. v. Riverview Narrow Fabrics, Inc.*, 117 F.R.D. 83, 85 (M.D.N.C. 1987) (citing *Shelton v. American Motors Corp.*, 805 F.2d 1323 (8th Cir. 1986)).

Prior to deposing EAMC's General Counsel, Relator "must demonstrate that the deposition is the only practical means available of obtaining the information." *Sun Capital Partners, Inc. v. Twin City Fire Ins. Co.*, 310 F.R.D. 523, 528 (S.D. Fla. 2015). Moreover, Relator has the burden of showing "that the information sought 1) is relevant; 2) its need outweighs the dangers of deposing a party's attorney; and 3) the information sought will not invade the realm of the attorney's work product or interfere with the attorney-client privilege." *Id.* As previously discussed, Relator's entire proposed line of questioning would probe areas in which Nutter dispensed legal advice acting in her role as corporate attorney. Furthermore, Relator has not met its burden of showing that the need for this

(privileged) information outweighs the dangers inherent in deposing a party's general counsel.

Where, as here, communications with in house counsel involve review for potential liability, it does not matter whether the review is done "in the regular course of business." *See Tucker v. Fischbein*, 237 F.3d 275, 288 (3d Cir. 2001) (upholding trial court's denial of motion to compel deposition of in house counsel, and calling "frivolous" the argument that legal review done in the regular course of business somehow becomes unprivileged). The line of questioning proposed by Relator inherently involves privileged communications, regardless of the name Relator uses. In the regular course of the Medical Center's business, Nutter reviewed its activities for legal compliance. Any documents or communications concerning this subject matter are privileged information.

Even if the Court should determine that aspects of Relator's proposed line of questioning are not privileged, Relator has not demonstrated why deposition of Nutter is crucial to the preparation of its case. The Court should at a bare minimum require Relator to make a showing of why this deposition is vital to its case that the Court should deviate from the general standard disfavoring opposing counsel depositions.

## IV. REQUESTED RELIEF

**WHEREFORE**, the Medical Center respectfully requests that the Court enter a protective order prohibiting the deposition of Nutter on the grounds that the information sought by Relator is privileged. In the alternative, the Medical Center respectfully requests that the Court review Relator's proposed line of questioning and prohibit Relator from inquiring into matters which are protected by the attorney-client privilege.

Dated: January 9th, 2018

/s/ Ben Coulter
James A. Hoover
S. Greg Burge
Benjamin B. Coulter

*Attorneys for Defendants*
Aperian Laboratory Solutions, LLC and East Alabama Health Care Authority d/b/a East Alabama Medical Center

**OF COUNSEL:**

BURR & FORMAN LLP
420 North 20th Street, Ste. 3400
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
jhoover@burr.com
gburge@burr.com
kfleming@burr.com
bcoulter@burr.com

## CERTIFICATE OF SERVICE

      I hereby certify that I have served a copy of the foregoing document by Notice of Electronic Filing, by U.S. Mail, hand delivery, fax, or email on January 9th, 2018:

Robert E. Battle
Adam P. Plant
BATTLE & WINN LLP
2901 2nd Avenue South, Suite 220
Birmingham, AL 35233

Scott A. Powell
Donald P. McKenna, Jr.
Randi McCoy
HARE WYNN NEWELL & NEWTON LLP
2024 Third Avenue North, Suite 800
Birmingham, AL 35203-3331

Daniel J. Martin
JONES WALKER LLP
One Federal Place
1819 5th Avenue North, Suite 1100
Birmingham, AL 35283

Adrienne Dresevic
James R. Witham
HEALTH LAW PARTNERS PC
29566 Northwestern Highway
Suite 200
Southfiled, MI 48034

G Bartley Loftin , III
BRADLEY ARANT BOULT CUMMINGS
200 Clinton Avenue West
Suite 900
Huntsville, AL 35801

Don B. Long
US Attorney's Office
1801 4th Avenue North
Birmingham, AL 35203

                                                */s/ Ben Coulter*
                                                OF COUNSEL